UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ADVANCED REFINING CONCEPTS, LLC, a Nevada Limited Liability Company,

Plaintiff,

v.

THE UNITED STATES OF AMERICA; DAVID J. KAUTTER, acting Commissioner of Internal Revenue, and DOES I through X,

Defendants.

Case No. 3:18-cv-00163-LRH-CBC

ORDER

Defendant the United States of America and David J. Kautter (collectively "defendants") move this court to dismiss plaintiff's third, fourth, and fifth causes of action. ECF No. 6. Plaintiff Advanced Refining Concepts, LLC ("ARC") opposes the motion, and defendants replied. ECF Nos. 8, 10. The court now grants defendants' motion.

**I.  BACKGROUND**

ARC created a new fuel that combines compressed natural gas with diesel fuel—what ARC calls GDiesel. ECF No. 1 ¶ 7-8. The Internal Revenue Service ("IRS") imposes taxes on the sale of certain types of fuels, however, entities that deal in these fuels may register with the IRS to file claims for tax credits. *Id.* ¶ 10-11. Beginning in 2009, ARC applied to the IRS for both an "AM" and "S" designation, but each was denied for failing to meet the qualifications of the designation. *Id.* ¶ 13-14. ARC continued to apply to the IRS for designations, and by February 2011, the IRS had granted ARC three designations: "S"; "UV" and "X" which allowed

1

plaintiff to claim and receive tax refunds. *Id.* ¶ 16-19. However, in 2014, the IRS revoked ARC's "S" registration, which had allowed ARC to sell red-dyed diesel fuel and was approximately one-third of ARC's business. *Id.* ¶ 20-21. The IRS also required ARC to repay the tax credits it had already received. *Id.* ¶ 22.

Based on recommendation by IRS representative Mr. Hall, ARC repaid the credits, gave up its "S" designation, and applied for "AM" registration for an "alternative fuel." *Id.* ¶ 20, 24-28, 30. The IRS initially denied this "AM" designation, but just a few months later sent ARC notice that it had been approved. *Id.* ¶ 31, 33. ARC then filed amended tax returns in order to obtain the tax credit lost from the "S" designation revocation, as Mr. Hall had advised. *Id.* ¶ 24-25, 35. ARC's claim was denied in September of 2015 after the IRS found GDiesel was created using natural gas compressed at 700-1000psi; to qualify, the natural gas must have been compressed at 2800-3600psi. *Id.* ¶ 38-39.

Following this denial, ARC chose to utilize the Fast Track Settlement process and on October 29, 2015, began mediation. *Id.* ¶ 41-43. The mediator recommended the IRS pay 80% of the amount ARC claimed. *Id.* ¶ 46. ARC agreed to the settlement and was informed the agreement would need to be approved by the Territory Manager. *Id.* ¶ 46-47. The Mediator orally represented to ARC on October 30, 2015, that the settlement agreement had been approved. *Id.* ¶ 49. However, on November 2, 2015, ARC was informed IRS superiors overruled the Territory Manager and denied the settlement. *Id.* ¶ 50. The claim was referred to IRS Appeals, which subsequently denied ARC's claim finding GDiesel did not meet the requirements for the "AM" designation. *Id.* ¶ 52-53.

ARC filed this Complaint on April 17, 2018. *See id.* Plaintiff's Complaint alleges five causes of action: (1) Refund of Federal Excise Tax pursuant to 26 U.S.C. § 7422 for denial of the "AM" tax credit; (2) Refund of Federal Excise Tax pursuant to 26 U.S.C. § 7422 for revocation of "S" designation and subsequent tax penalties; (3) declaratory judgement as to ARC's registration status and qualification of "AM" tax credit designation; (4) injunctive relief to enforce the terms of the Fast Track Settlement Session Report; and (5) breach of contract for denying the settlement after the Territory Manager had approved it. Defendants' motion to

dismiss plaintiff's third, fourth, and fifth claims for lack of subject matter jurisdiction now follows. ECF No. 6.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution or a statute. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The burden of establishing subject matter jurisdiction is on the party asserting it. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A Rule 12(b)(1) motion challenges subject matter jurisdiction and may be either facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); FED. R. CIV. P. 12(b)(1). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise involve federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[A]n action should not be dismissed for lack of jurisdiction without giving the plaintiff an opportunity to be heard unless it is clear the deficiency cannot be overcome by amendment." *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980). Defendants assert a facial attack arguing that even if the allegations are true, they are insufficient to invoke federal jurisdiction.

## III. DISCUSSION

Absent an express waiver of sovereign immunity by Congress, a court lacks subject matter jurisdiction to hear claims brought against the United States. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A suit seeking relief against a federal employee or "officer of the United States in his or her official capacity is considered an action against the United States," and therefore, is governed by the same service and jurisdictional requirements. *Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003); *see Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("a suit against IRS employees in their official capacity is essentially a suit against the

3

United States."). Plaintiff has named the United States and David J. Kautter, acting Commissioner of Internal Revenue, in his official capacity. Defendants are therefore afforded the protection of sovereign immunity. Unless the plaintiff can prove that sovereign immunity has been unequivocally waived, dismissal is required. *DaGrossa*, 756 F.2d at 1458.

**A. The court dismisses plaintiff's third cause of action for declaratory judgment.**

This court has jurisdiction over claims for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. However, this Act specifically exempts jurisdiction and precludes the court from issuing an order for actions regarding Federal taxes. *See Id.* § 2201(a). "The purpose of the federal tax exception to the Declaratory Judgment Act is to protect the government's ability to assess and collect taxes free from pre-enforcement judicial interference, and to require that disputes be resolved in a suit for refund." *California by Deukmejian v. Regan*, 641 F.2d 721, 722 (9th Cir. 1981). Courts have previously held that if the Anti-Injunction Act ("AJA") does not bar the suit, neither does the Declaratory Judgment Act. *See Perlowin v. Sassi*, 711 F.2d 910, 911 (9th Cir. 1983); *California*, 641 F.2d at 723 ("The federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." (internal quotations omitted)).

Upon review, the court finds that the AJA, and thus the Declaratory Judgment Act, precludes judicial review. The AJA removes jurisdiction from federal courts over suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Unless the taxpayer can establish that (1) the government under no circumstances could succeed on the merits of the tax claim; and (2) the taxpayer has no other available legal remedy and will be irreparably harmed, the action must be dismissed. *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 6-7 (1962); *Alexander v. Americans United, Inc.*, 416 U.S. 752, 758 (1974) (affirming *Enochs* pre-enforcement injunction test and reiterating that if both prongs cannot be met, a suit for injunctive relief must be dismissed). It is the taxpayer's burden of showing that even "under the most liberal view of the law and the facts, that the government cannot prove its claim." *Thrower v. Miller*, 440 F.2d 1186, 1187 (9th Cir. 1971).

///

4

The Court's decision in *Alexander* is particularly instructive. There, after the organization lost 501(c)(3) status, it filed for declaratory and injunctive relief to force the IRS to reinstate the designation. *Alexander*, 416 U.S. at 756. On appeal, the Court found "[u]nder any reasonable construction of the statutory term 'purpose,' the objective of this suit was to restrain the assessment and collection of taxes . . .. Indeed, respondent would not be interested in obtaining the declaratory and injunctive relief requested if that relief did not effectively restrain the taxation of its contributors." *Id.* at 760-61. Further, the Court determined that "respondent will have a full opportunity to litigate the legality of the Service's withdrawal of respondent's § 501(c)(3) ruling letter in a refund suit following the payment of TURA taxes." *Id.* at 762.

Here, plaintiff failed to establish either prong necessary for this court to retain jurisdiction. First, plaintiff has failed to show that under no circumstance will the government succeed. The government contends that it denied plaintiff's activity designation because GDiesel fails to meet the specific requirements for such a designation. Plaintiff has provided no evidence to refute that argument or show its fuel meets the requirements for an "AM" designation. Further, like the designations discussed in *Alexander*, the "AM" designation has a direct consequence regarding how much the IRS may collect in taxes from ARC and plaintiff would not be seeking a declaratory judgment if the requested relief did not effectively determine the IRS's ability to collect and assess taxes against it.

Second, plaintiff has an adequate and available remedy: ARC may pay the tax and file suit for a refund, as it has done in the first and second causes of action. *See id*; *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 314 (9th Cir. 1982) ("it has been established law that payment of the tax followed by a suit for refund constitutes an adequate remedy at law."); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746-47 (1974) (in denying injunctive relief, the court found that the University was not left without any judicial review options, one of which was to pay the tax and then bring suit for a refund). Because the court is prohibited from judicial review under the AJA, judicial review is also prohibited under the Declaratory Judgment Act.

///

///

Plaintiff argues that the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, provides the basis for jurisdiction and unequivocal waiver of sovereign immunity. ECF No. 1 ¶ 5. The APA provides:

> [a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. However, the APA does not provide jurisdiction if another statute either provides for or prohibits judicial review. *Id.* As discussed above, the Declaratory Judgment Act and the AJA both explicitly prohibit judicial review. Therefore, because the APA cannot provide the explicit waiver of sovereign immunity, plaintiff's third cause of action is dismissed with prejudice.

**B. The court dismisses plaintiff's fourth cause of action for injunctive relief.**

The plaintiff's fourth cause of action seeks this court to enjoin the IRS and force the agency to comply with the terms of the Fast Track Session Report. Again, the plaintiff relies on the APA to argue that the defendants have unequivocally waived sovereign immunity. The APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." *Id.* § 704. As no other statute is implicated here, plaintiff argues that the Session Report was final agency action, and thus, the decision is reviewable under the APA.

The court disagrees. As defendants argue, and plaintiff has failed to rebut, the Session Report was not a final or binding agreement between the parties. The Fast Track Settlement Procedures provide that:

> [t]he signature of the parties on the FTS Session Report does not constitute a final settlement. . . . The taxpayer acknowledges that the Service may reconsider a proposed settlement, as reflected in a signed FTS Session Report, upon receipt of comments on the proposed settlement from the Joint Committee on Taxation. . . . After the parties and the FTS Appeals Official sign the FTS Session Report acknowledging a basis of settlement, the FTS Appeals Official will draft the appropriate settlement document to reflect the agreed upon treatment of the issue.

Rev. Proc. 2004-40, 2003-1 C.B. 1044, 2003-25 I.R.B.1044, 2003 IRB LEXIS 228, at *11-14 (effective June 3, 2003). The very provisions of the process articulate in clear concise language that the Session Report is not binding, and it is not final. The IRS was well within its right under these provisions to not accept the Session Report agreement.

Further, plaintiff is attempting to have this court force the IRS to settle their claim. However, an agency's decision to settle is committed to agency discretion by law. *See* 5 U.S.C. § 701(a)(2); *Garcia v. McCarthy*, 649 Fed. Appx. 589, 591 (9th Cir. 2016) (courts have "uniformly held that an agency's decision to settle falls under the penumbra of agency inaction that has traditionally been subject to a rebuttable presumption against judicial review."). Because it is the agency's decision whether to settle this claim, and the Session Report is not final agency action, defendants have not unequivocally waived sovereign immunity. The court must therefore dismiss plaintiff's fourth cause of action with prejudice.

**C. The Court dismisses plaintiff's fifth cause of action for breach of contract.**

For ARC's fifth cause of action, plaintiff has again failed to demonstrate that defendants have unequivocally waived sovereign immunity. Under the APA, immunity shall not be waived for claims of money damages. 5 U.S.C. § 702. Here, ARC alleges it suffered $623,913 in damages from the alleged breach of contract. ECF No. 1 ¶ 97. Plaintiff attempts to persuade the court that ARC is not demanding money damages, but rather this is a claim to simply enforce a contract. The court disagrees.

In making this determination, the court looks to whether the actual relief resulting from review of the claim would be monetary. *See Richardson v. U.S. Dep't of Health and Human Services*, Case No. 2:17-CV-885-JCM-PAL, 2018 WL 1569772, at * 2 (D. Nev. March 30, 2018) ("Ninth Circuit courts have consistently refused jurisdiction over claims when the actual relief resulting from [review of the equitable claim] would be monetary." (internal quotations omitted)). Here, based on the plain language of the Complaint, this claim is one for monetary relief. *See Brighton Village Assoc. v. U.S.*, 31 Fed. Cl. 324, 327-28 (1994) (when payments are sought pursuant to federal statute and regulations, it is not monetary compensation). Plaintiff does not assert this claim in an attempt to have this court interpret a regulation or a statute, but as

7

a simple breach of contract claim. Further, as discussed above, plaintiff has an adequate remedy in its claims for refund under ARC's first and second causes of action. Therefore, the APA does not provide the proper waiver of sovereign immunity.

However, even if the APA did provide for a waiver of sovereign immunity, plaintiff has failed to state a claim for breach of contract. As discussed above, the settlement agreement between the parties was not a final, binding agreement. The specific provisions of the Fast Track process provide that the Session Report will not be binding on the parties, and that the agreement will not be final until the appropriate document is drafted by the IRS. As defendants argue, and plaintiff fails to rebut, this final document was never drafted or signed by the parties as the settlement was quickly rejected by the IRS following mediation. Therefore, because the Session Report was not binding, there was no breach when the IRS exercised its discretion to reject the settlement.

Finally, to the extent that a claim for breach of contract does exist, the Court of Federal Claims has exclusive jurisdiction to decide this issue on the merits. Under the Little Tucker Act, sovereign immunity is waived for claims of monetary damages exceeding $10,000, "founded upon the Constitution, federal statute, executive regulation, or government contract." 28 U.S.C. § 1346(a)(2); *United States v. Bormes*, 568 U.S. 6, 10 (2012). The Court of Federal Claims' jurisdiction cannot be avoided "by framing an essentially monetary claim in injunctive or declaratory terms." *Portsmouth Redevelopment & Housing Authority v. Pierce*, 706 F.2d 471, 473-74 (4th Cir. 1983); *compare with Marshall Leasing, Inc. v. United States*, 893 F.2d 1096, 1099-1100 (9th Cir. 1990) (finding the equitable relief sought, a request to return property, was not solely to aid in obtaining monetary compensation and therefore the claim was not barred by sovereign immunity).

Here, there can be no dispute that this suit is against a sovereign. Any money judgment recovered in this case would come from the United States Treasury and far exceeds the $10,000 minimum required. Although plaintiff frames its prayer for relief in equitable terms, in reality, it seeks a monetary judgment of damages. Finally, plaintiff's first and second causes of action ensures ARC an adequate remedy.

For the above reasons, the court therefore dismisses plaintiff's fifth cause of action with prejudice.

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that defendants' motion to dismiss plaintiff's third, fourth and fifth causes of action (ECF No. 6) is **GRANTED with prejudice**.

IT IS FURTHER ORDERED that plaintiff is **DENIED** leave to amend because plaintiff would be unable to cure the jurisdictional defects discussed above. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (The court may deny leave to amend where any amendment will not save the Complaint).

IT IS SO ORDERED.

DATED this 2nd day of January, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE