UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADVANCED REFINING CONCEPTS, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA; DAVID J. KAUTTER, acting Commissioner of Internal Revenue, and DOES I through X,<br><br>Defendants. | Case No. 3:18-cv-00163-LRH-CLB<br><br>ORDER |

Defendant, the United States of America ("the Government), moves this court for summary judgment on plaintiff's second cause of action. ECF No. 34. Plaintiff Advanced Refining Concepts, LLC ("ARC") opposed the motion, and defendants replied. ECF Nos. 35 & 37. Because the court lacks subject matter jurisdiction, it grants the Government's motion for summary judgment.

**I.    BACKGROUND**

ARC created a new fuel that combines compressed natural gas with diesel fuel—what ARC calls GDiesel. ECF No. 36 ¶ 4. Beginning in 2009, ARC applied to the IRS to be a taxable fuel registrant and was granted both a "UV" and "S" designation. *Id.* ¶¶ 5-8. This allowed plaintiff to claim and receive tax refunds. *Id.* ¶ 11.

Based on these designations, on April 12, 2013, ARC filed a Form 8849 Claim for Refund of Excise Taxes for the quarter ending March 31, 2013, in the amount of $14,986.78. ECF No. 34-2. The IRS disallowed the entire claimed amount. *Id.* On July 2, 2013 and October 7, 2013, ARC again filed Form 8849 Claims for Refund of Excise Taxes, this time for the quarters ending June 30, 2013 (for $25,160.95), and September 30, 2013 (for $20,063.78), respectively. ECF No. 34-4.

1

The IRS paid ARC the total claimed, $45,224.73. ECF No. 34-5. However, in 2014, IRS representative Craig Hall informed ARC that its "S" registration would be revoked and that ARC would need to repay the tax credits issued for the June and September 2013 quarters. ECF No. 36 ¶13; ECF No. 34-5.

ARC representative and managing member, Peter Gunnerman, declared:

> Mr. Hall offered to give ARC the 'AM' classification if it agreed to give up three quarters of refunds for excise tax paid on the dyed GDiesel, which would involve paying back to the IRS certain amounts previously refunded. He further explained that this would benefit ARC because it would be able to claim the Alternative Fuel Mixtures Credit both going forward and retroactively, which, at $0.05 per gallon of GDiesel sold, would be a substantial sum.

ECF No. 36 ¶ 15. ARC therefore agreed and on February 20, 2014, it signed (1) a Form 2297 Waiver of Statutory Notification of Claim Disallowance for its claimed refund for the March 2013 quarter (ECF No. 34-3); and (2) a Form 5384 Excise Tax Examination Changes and Consent to Assessment and Collection for its claimed refunds for the June and September 2013 quarters (ECF No. 34-5). ARC then repaid the assessed taxes for the June 2013 quarter on November 23, 2015 (*see* ECF No. 34-6), and for the September 2013 quarter on September 28, 2016 (*see* ECF No. 34-7).

ARC was issued the "AM" designation in January 2015, and filed amended tax returns for 2012 through 2014 to receive its tax credit under the new designation. ECF No. 36 ¶¶ 19-20. After review, ARC was informed that the "AM" designation was improper, and the IRS was denying ARC's claims for tax credit. *Id.* ¶¶ 22-23. ARC appealed this decision through the Fast Track Settlement process in October 2015. *Id.* ¶ 27. During the mediation, the parties reached a settlement, but ARC was later informed on November 2, 2015, that it had not been approved. *Id.* ¶¶ 29-33. ARC's claim was then sent to IRS Appeals in February 2016, where it was denied two months later. *Id.* ¶¶ 35-36.

ARC filed this Complaint on April 17, 2018, alleging five causes of action: (1) Refund of Federal Excise Tax pursuant to 26 U.S.C. § 7422 for denial of the "AM" tax credit; (2) Refund of Federal Excise Tax pursuant to 26 U.S.C. § 7422 for revocation of the "S" designation and subsequent tax penalties; (3) declaratory relief as to ARC's registration status and qualification of

2

"AM" tax credit designation; (4) injunctive relief to enforce the terms of the Fast Track Settlement Session Report; and (5) breach of contract for denying the settlement after the Territory Manager had approved it. *See* ECF No. 1. On January 2, 2019, the court dismissed plaintiff's third, fourth, and fifth claims with prejudice for lack of subject matter jurisdiction and denied plaintiff's request to amend the complaint because any amendment could not cure the jurisdictional defects. ECF No. 29. The parties filed a Joint Case Management Report on November 28, 2018 which provided:

> After discussion between the parties, ARC agreed that it would withdraw its first cause of action which seeks refund of $779,890.50 due to the alternative fuel mixture credit. To accomplish this, ARC plans to amend the complaint and replace the withdrawn cause of action with a new cause of action seeking relief on a different factual basis. If the parties cannot agree to permit the amendment, ARC will file a motion for leave to amend.

ECF No. 25 at 2. On February 25, 2019, the parties again filed a Joint Case Management Report which provided: "ARC intends to proceed with its remaining claim, its second cause of action, as efficiently as possible and no longer plan[s] to seek amendment of its complaint." ECF No. 31 at 2. No amended complaint nor motion were filed regarding withdrawal of plaintiff's first cause of action. However, given that plaintiff has made no argument to the contrary, the court shall treat defendant's motion for summary judgment as addressing all remaining claims in this suit, and only analyze plaintiff's second cause of action for refund of Federal Excise Tax pursuant to 26 U.S.C. § 7422 in deciding defendant's pending motion for summary judgment.

## II.   LEGAL STANDARD

### Motion for Summary Judgment Pursuant to Civil Procedure Rule 56

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the nonmoving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. "The mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient" to establish a genuine dispute; "there must be evidence on which the jury could reasonably find for the [party]." *Id.* at 252.

### III. DISCUSSION

Absent an express waiver of sovereign immunity by Congress, a court lacks subject matter jurisdiction to hear claims brought against the United States. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). While the United States has waived sovereign immunity in tax refund suits, it is "well established that suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued." *United States v. Michel*, 282 U.S. 656, 659-660 (1931). "A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." *United States v. Dalm*, 494 U.S. 596, 608 (1990).

///

**A. The court grants defendants' motion for summary judgment on plaintiff's second cause of action regarding disallowance of ARC's claimed refund for the March 30, 2013 quarter because the claim is barred by the statute of limitations.**

26 U.S.C. § 6532(a) provides the applicable statute of limitations for suits regarding disallowance of a claimed refund. Section 6532(a) provides:

> **(1) General rule.**--No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.
> **(2) Extension of time.**--The 2-year period prescribed in paragraph (1) shall be extended for such period as may be agreed upon in writing between the taxpayer and the Secretary.
> **(3) Waiver of notice of disallowance.**--If any person files a written waiver of the requirement that he be mailed a notice of disallowance, the 2-year period prescribed in paragraph (1) shall begin on the date such waiver is filed.
> **(4) Reconsideration after mailing of notice.**--Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

On February 20, 2014, Peter Gunnerman, on behalf of ARC, signed a Form 2297 Waiver of Statutory Notification of Claim Disallowance for its claimed refund for the March 30, 2013 quarter. ECF No. 34-3. Pursuant to section 6532(a)(3), ARC was therefore required to bring a claim for refund within 2 years of the date the waiver was filed: February 20, 2016. ARC's claims before this court were filed on April 17, 2018, more than three years after signing the waiver. *See* ECF No. 1.

While plaintiff concedes these facts, ARC argues that such claims should be equitably tolled. Equitable tolling is read into every federal statute of limitations and is presumed to apply in suits against the United States, unless Congress provides otherwise. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1947); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). Statutes that use "highly detailed technical" language show that Congress did not intend an equitable exception to apply. *See United States v. Brockamp*, 519 U.S. 347, 350-52 (1997).

The Supreme Court has not ruled on whether equitable tolling is inapplicable to section 6532, but it previously ruled that equitable tolling is inapplicable in related statute, 26 U.S.C. § 6511. *See id.* The Court in *Brockamp* reasoned that while "[o]rdinarily limitations statutes use fairly simply language, which one can often plausibly read as containing an implied 'equitable

5

1 tolling' exception, . . . § 6511 uses language that is not simple. It sets forth its limitations in a
2 highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing
3 implicit exceptions." *Id.* at 350. Further, the Court reasoned that section "6511 sets forth explicit
4 exceptions to its basic time limits, and those very specific exceptions do not include 'equitable
5 tolling.'" *Id.* at 351. Finally, "[t]o read an 'equitable tolling' exception in § 6511 could create
6 serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large
7 numbers of late claims, accompanied by requests for 'equitable tolling' which, upon closer
8 inspection, might turn out to lack sufficient equitable justification." *Id.* at 352.

9 The Northern District of California relying on the Supreme Court's decision in *Brockamp*,
10 held that equitable remedies were not applicable to section 6532(a). *Thomasson v. United States*,
11 Case No. C-96-3023-VRW, 1997 WL 220321, at *3-4 (N.D. Cal April 21, 1997). It reasoned that
12 "[l]ike § 6511, § 6532 provides quite specific terms for calculating the statute of limitation," and
13 further states "that any reconsideration of the disallowance by the IRS does not toll the statute and
14 any agreement to toll must be made in writing." *Id.* at *3. The *Thomasson* court, like the Court in
15 *Brockamp*, also reasoned that administrative difficulties would arise if the IRS was forced to
16 respond to untimely claims brought under section 6532, with requests for equitable tolling, "which
17 might turn out to lack sufficient equitable justification." *Id.* (quoting *Brockamp*, 519 U.S. at 352).

18 The Northern District of California held the opposite in *Hyler v. United States*, Case No.
19 C 07-05046 CRB, 2008 WL 191423 (N.D. Cal Jan. 22, 2008). Here the court found that section
20 6511 "is far more technical in detail than § 6532." *Id.* at *2. The *Hyler* court reasoned that unlike
21 section 6511, which "contains multiple iterations of the limitation on filing and gives a list of
22 explicit exceptions to the limitation, . . . § 6532(a) merely sets forth the limitations period and
23 provides one exception, § 6532(b)." *Id.* Relying on *Supermail Cargo, Inc. v. United States*, 68 F.3d
24 1204, 1207 (9th Cir. 1995), which held equitable tolling is applicable to section 6532(c), and
25 *Mallard Auto. Group, Ltd. v. United States*, 343 F.Supp.2d 949, 954 (D. Nev. 2004), which
26 reasoned that *Brockamp* did not "erode the validity" of *Supermail*, the *Hyler* court held that
27 equitable tolling applied to section 6532(a). *Id.*
28 ///

This court is persuaded by the reasoning of *Thomasson* and adopts it herein. First, the court agrees that section 6532(a), like section 6511, is a highly detailed, technical statute of limitations. In particular, the statute provides for one and only one way to extend the statute of limitation: by a written agreement between the taxpayer and the Secretary. § 6532(a)(2). Had Congress intended further equitable tolling to be applicable to such statute, it would have provided for it. Further, the court agrees with the *Brockamp* Court's reasoning regarding administrability of processing refunds. The exorbitant number of claims filed and processed each year weighs heavily against Congress intending equitable tolling to apply to section 6532(a). Therefore, the court declines to read equitable tolling into a statute for which it was not intended—to do otherwise would "go beyond the authority Congress has given us in permitting suits against the Government." *Dalm*, 494 U.S. at 610.

Moreover, the court disagrees with the *Hyler* court's reliance on *Supermail* and *Mallard*. Both of these cases deal specifically with section 6532(c) which provides the statute of limitations period for wrongful levy claims under 26 U.S.C. § 7426. While part of the same overall statute, section 6532(a), at issue here, deals with suits by taxpayers for refund under 26 U.S.C. § 7422, while subsection (c) deals with suits by persons other than taxpayers for proceedings under 26 U.S.C. § 7426. Moreover, the *Supermail* decision was rendered 2 years prior to the Supreme Court's *Brockamp* decision. Even if the *Mallard* court is correct in its reasoning that *Brockamp* did not erode the validity of *Supermail*, it should be applied narrowly to the statute of limitations in section 6532(c) only.

In light of *Brockamp* and *Thomasson*, the court finds that equitable tolling does not apply to section 6532(a). Therefore, because plaintiff failed to bring suit within 2 years of signing the waiver of notice of disallowance, and plaintiff has provided no written agreement between ARC and the Secretary to extend the limitations period, the court lacks jurisdiction to hear plaintiff's second cause of action for disallowance of ARC's claimed refund for the March 30, 2013 quarter. Accordingly, summary judgment is granted in favor of the Government.

///

///

**B. The court grants defendants' motion for summary judgment on plaintiff's second cause of action regarding claimed refunds for the June 30, 2013 and September 30, 2013 quarters because the claims are barred by the statute of limitations.**

26 U.S.C. § 6511 provides the applicable statute of limitations for suits regarding a claim for credit or refund of an overpayment of any tax imposed under this title. Section 6511 provides:

> **(a) Period of limitation on filing claim.**--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.
> . . .
> **(b) Limitation on allowance of credits and refunds.**--
> **(1) Filing of claim within prescribed period.**--No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim or refund is filed by the taxpayer within such period.

On July 2, 2013, and October 7, 2013, ARC filed the Form 8849 Claim for Refund of Excise Taxes for quarters ending June 30, 2013, and September 30, 2013, respectively. ECF No. 34-4. The IRS paid these claims in full. ECF No. 34-5. However, in 2014, the IRS determined that ARC should not have been granted the tax credit and made assessments against ARC for $25,160.95 and $20,063.78 for the June and September 2013 quarters, respectively. ECF No. 35-5. On February 20, 2014, Peter Gunnerman, on behalf of ARC, signed a Form 5384 Excise Tax Examination Changes and Consent to Assessment and Collection for its claimed refunds from June and September 2013. This form stated: "Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled; nor prevent us from later determining, if necessary, that you owe additional tax; *nor extend the time provided by law for either action*." ECF No. 34-5 (emphasis added). Plaintiff paid these claims and did not file an additional Form 8849 Claim for Refund of Excise Taxes. *See* ECF Nos. 34-6; 34-7; & 34-8.

Under section 6511 and the consent agreement, the court agrees with the Government that the appropriate statute of limitations is 2 years from the time the tax was paid. ARC paid the assessed tax for the June 2013 quarter on November 23, 2015; therefore, this claim must have been filed by November 23, 2017. *See* ECF No. 34-6. ARC paid the assessment tax for the September 2013 quarter on September 28, 2016; therefore, this claim must have been filed by September 28,

2018. *See* ECF No. 34-7. Because ARC did not file these administrative claims within the statute of limitations required by section 6511, the district court lacks jurisdiction over the claimed refunds for the June and September 2013 quarters.

Plaintiff argues that it failed to file the administrative claims because based on the representations from the IRS, it believed it would receive these claimed tax credits once it had filed for and been awarded the "AM" designation. It therefore argues that the statute of limitations should be equitably tolled. The court does not condone the behavior of the IRS—the facts before the court appear to show that each time ARC complied with one IRS agent's proposed rules, another agent changed the rules. The court understands ARC's frustration; however, for the purposes of tax law, Congress has created bright-line rules with little flexibility. As the Supreme Court noted in *Brockamp*, Congress has "decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system." *Brockamp*, 519 U.S. at 352-53. Equitable tolling of the statute of limitations, regardless of the reason, is therefore prohibited under section 6511. *Id.* at 353-54. Accordingly, plaintiff's claimed refunds for the June 30, 2013 and September 30, 2013 quarters are barred by the statute of limitations and the court lacks jurisdiction. The court grants summary judgment in favor of the Government.

**IV.  CONCLUSION**

IT IS THEREFORE ORDERED that defendant's motion for summary judgment on plaintiff's second cause of action (ECF No. 34) is **GRANTED with prejudice**. Because the court lacks jurisdiction it declines to rule on the merits of plaintiff's claim.

IT IS FURTHER ORDERED that the Clerk of Court is to enter **JUDGMENT** in favor of the defendant and close this case.

IT IS SO ORDERED.

DATED this 26th day of December, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE